FLOYD NEWTON BYRNES v. THE STATE.

No. 11950. Delivered November 7, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at death.

Myrna Juergens, the deceased, was the twelve year old daughter of W. J. Juergens. The appellant was living in the house of Juergens as one of the family. Juergens left his home on Saturday morning the 3rd of March and returned about a week later. During

his absence his daughter was killed. Valuables were taken from the premises, including a watch and a ring which were afterwards delivered by the appellant to a girl acquaintance.

The appellant's written confession is in the record and is fully corroborated by the circumstances proved upon the trial. The sufficiency of the evidence being unquestioned, a recital of it in detail is deemed unnecessary.

There are no bills of exceptions. The suggestion is made that there is an absence of malice and that the death penalty is not warranted. In this court the law vests no discretion to annul a verdict of the jury supported by sufficient evidence because of the penalty assessed, which is within the limits of the law, is deemed excessive. The penalty fixed is often looked to in appraising errors committed upon the trial which may have inflamed the minds of the jury. In the absence of errors, however, which may have influenced the verdict, it is not within the scope of this court's duty or power to reverse the judgment because of the penalty, although in a given case that assessed may be greater than the members of the court think appropriate. Chiles v. State, 2 Tex. Crim. App. 36; Branch's Ann. Tex. P. C., Sec. 655. It may be added, however, that nothing in the present record tends to mitigate or excuse the offense or to lessen the enormity of the crime.

The motive for the homicide seems to have been robbery. The proof of malice is deemed ample. Burt v. State, 38 Tex. Crim. Rep. 451; Alexander v. State, 40 Tex. Crim. Rep. 395; Branch's Crim. Law, Sec. 418.

From the physician who described the condition of the deceased the following quotation is taken:

"I did know Myrna Juergens and did see her on or about the 11th or 12th day of March, this year, at the Johnson Funeral Parlor, and she was dead. I examined her body and will now tell the jury how I found the condition of her body. She had a crushed skull on the left side; skull was mashed and caved in with a blunt instrument. Her right side was also caved. There were three open wounds, seemed to have been made with a sharp instrument on the side of her face, the left side. She had a stab wound on the right side of her throat. This was done with a sharp cutting instrument. Other wounds were: the abdomen was opened with some sharp instrument, and she had an injury to the rectum and peritoneum or the vagina, as though something had been pushed through her body. In my

opinion, the lick upon the left side of her skull is the one which produced instant death.

"There were also other wounds: fifteen puncture wounds over the heart. They were just puncture wounds like, made with a sharp-pointed instrument over the heart. And it is my judgment and opinion that the wounds on the head would produce instant death absolutely."

The witness who discovered the body, described the scene in the following language:

"Yes, Myrna Juergens was there; she was in the front bed room impaled on a bed post and was dead, the bed post sticking through her body. The bed post went into the back of her body. She was laying back down, and the top of the post was sticking four or five inches through her body about the center. About the condition of her body and what I observed while there and looked at, was that her abdomen was cut open, and did not observe how long the gash was in very much detail. I did not remember that, but the abdomen was cut open."

There was no evidence introduced by the appellant. No defensive theory was presented, and none arose from the testimony. Upon the record no judgment could be rendered other than that of affirmance, which is accordingly entered.

*Affirmed.*